UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIAM ZISTER HARRIS,<br><br>              Plaintiff,<br><br>v.<br><br>CITY OF LAS VEGAS, et al.,<br><br>              Defendants. | 2:09-cv-00674-LDG-LRL<br><br>**O R D E R** |

       This is an action under 42 U.S.C. § 1983 against the City of Las Vegas and two deputy city marshals alleging excessive force and related state law claims. Plaintiff alleges that on August 1, 2008, he was sitting on a bus bench in downtown Las Vegas minding his own business when two city marshals ordered him to get off the bench. When plaintiff protested that he had a 30-day bus pass, the marshals allegedly broke his left arm, handcuffed him, and took him to jail. X-rays revealed a fracture of his left humerus. Dr. Lisa Wong, a radiologist, read the x-rays and diagnosed the fracture. Plaintiff has subpoenaed Dr. Wong to appear for a deposition. Dr. Wong declined to appear unless she is paid a reasonable witness fee for her expert testimony. Plaintiff contends that Dr. Wong will not be examined as an expert within the meaning of Fed. R. Civ. P. 26(b)(4); rather, she will be examined merely as a treating physician who diagnosed the condition of plaintiff's arm. Hence, in plaintiff's view, Dr. Wong is entitled only to the standard statutory fee.

       On November 4, 2010, the court conducted a telephonic hearing at plaintiff's request. Counsel were requested to submit case authority supporting their respective positions, which they have done. The court has considered the arguments of counsel, the case authority submitted by counsel, and the

court's own independent research.

Preliminarily, it is clear that under the facts of this case Dr. Wong is to be regarded as a treating physician. As a radiologist who read plaintiff's x-ray and diagnosed a fracture of the humerus, she was an integral part of a medical team whose function was to diagnose and treat plaintiff's injury. Any testimony she might give at a deposition or at trial will be based on her personal observations and interpretations of the x-rays of plaintiff's arm. She has not been retained or specially employed to provide expert testimony in the case. Hence, she is not required to provide a written report within the meaning of Rule 26(a)(2)(B). *See* Advisory Committee Notes, 1993 Amendment. Nevertheless, as a treating physician Dr. Wong will be allowed to give her opinion as to the cause of plaintiff's injury based on her observations of the x-rays in question as informed by her specialized knowledge. *Brundidge v. City of Buffalo*, 79 F.Supp.2d 219, 224-25 (W.D.N.Y. 1999).

Plaintiff contends that because Dr. Wong will not be testifying as an expert within the meaning of Rule 26(a)(2)(B), she is not entitled to a reasonable witness fee. Dr. Wong counters that as a medical doctor with a specialty in radiology she is most certainly an expert, and is therefore entitled to a reasonable fee commensurate with her expertise. There can be little dispute that Dr. Wong is, as are most physicians irrespective of their specialty, an expert within the meaning of Fed. R. Evid. 702. As a treating physician, however, she has not been "retained or specially employed" to provide expert testimony in the case. Rule 26(b)(4)(B).

The case law is split on the question whether a treating physician, who is an expert within the meaning of Rule 702 and who has not been "retained or specially employed," is entitled to a reasonable fee or merely the statutory fee of $40 per day. *See* 28 U.S.C. § 1821(b). The undersigned is satisfied that the fairer and more reasonable view is that a treating physician such as Dr. Wong who is compelled to give testimony concerning her work as a treating physician is entitled to a *reasonable* fee for doing so. First, as noted, the testimony of a treating physician clearly involves a significant level of expertise that distinguishes them from lay witnesses, unless, for example, they are called to give eye witness testimony regarding an incident they witnessed on the street. Secondly, and equally importantly,

"[p]hysicians provide invaluable services to the public and should be remunerated for their time when they cannot deliver medical care. They often have substantial overhead costs that they incur whether they are creating a patient or testifying about one." *Coleman v. Dydula*, 190 F.R.D. 320, 323-24 (W.D.N.Y. 1999). *See Lamere v. New York State Office for the Aging*, 223 F.R.D. 85, 91-92 (N.D.N.Y. 2004).

For the foregoing reasons, the court finds that Dr. Wong is entitled to a reasonable fee for her time spent in deposition. Given the limited extent and nature of her prospective testimony in this case, however, the court finds that a reasonable witness fee is $250.00 per half-hour. The deposition will be taken at Dr. Wong's office, and will last not more than 90 minutes.

IT IS SO ORDERED.

DATED this 2nd day of December, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**